**Lawrence Patrick TRENIER, Plaintiff—Appellant,**

v.

**COUNTY OF LOS ANGELES; et al., Defendants—Appellees.**

No. 03–56619.

D.C. No. CV–02–03714–NM.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 15, 2004.

Lawrence Patrick Trenier, Los Angeles, CA, pro se.

Adrian J. Barrio, Esq., Franscell, Tikland, Roberts & Lawrence, Glendale, CA, for Defendants–Appellees.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Lawrence Patrick Trenier, a civil detainee, appeals pro se the district court's order granting in part defendants' motion for judgment on the pleadings and staying his section 1983 action pending the outcome of state civil confinement proceedings. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's decision to abstain under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27

L.Ed.2d 669 (1971). *Gilbertson v. Albright,* 381 F.3d 965, 982 n. 19 (9th Cir. 2004) (en banc). We affirm.

Trenier filed his section 1983 action while being detained during proceedings to determine whether he should be civilly committed as a Sexually Violent Predator ("SVP"). *See* Cal. Welf. & Inst.Code §§ 6000 *et seq.* The district court properly invoked *Younger* abstention because Trenier's federal civil rights action raises constitutional concerns that could be raised in the ongoing state proceedings. *See Gilbertson,* 381 F.3d at 976–78 (discussing factors to be considered when determining whether *Younger* abstention applies); *see also People v. Ciancio,* 109 Cal. App.4th 175, 134 Cal.Rptr.2d 531 (2003) (adjudicating housing and treatment claims of SVP detainee).

Trenier's remaining contentions lack merit.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.